819 P.2d 108

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lowell B. JOY, Defendant–Appellant.**

No. 19171.

Court of Appeals of Idaho.

July 30, 1991.

Roark, Donovan, Praggastis, Rivers & Phillips, Ray Keith Roark, Hailey, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Lowell B. Joy pled guilty to mistreating an animal upon evidence that he maliciously had shot a dog. Joy contends that the magistrate's imposition of a six-month jail term was excessive under the circumstances and represents an abuse of the court's sentencing discretion. For the reasons below, we affirm.

I

Carol Fitzgerald and Dennis Herwy lost their dog, a six-year old female registered

English Setter, while horseback riding in Cove Creek Canyon. The next morning, Fitzgerald returned to the area where she had left a blanket the night before, anticipating that her dog would find it and wait. Instead, she found her dog lying in the middle of the road. Joy was in his car parked nearby. He got out and explained that he had hit the dog as it ran in front of his car. Fitzgerald noticed that the dog's heart was still beating and asked Joy to help her put the dog in her truck so that she could try to save it. Joy then grabbed the dog's legs and threw it into the back of the vehicle.

Fitzgerald took the dog to its veterinarian, Dr. Acker, and told him that her dog had been hit by a car. As he tended to the injured animal, Dr. Acker puzzled over the dog's condition, which displayed no signs of external trauma usually associated with being hit by an automobile. Dr. Acker took a series of X-rays which established that the dog had been shot through the right nostril, spreading lead fragments throughout the animal's nasal cavity. One of the fragments fatally lodged in its brain. Further, Dr. Acker observed that these injuries were caused without damaging the alar cartilages of the dog's nose, which would not have been intact if the bullet had entered from the outside of those cartilages. Based on his observations, Dr. Acker concluded that a gun barrel had been inserted into the dog's nose, past the cartilages, and then the gun was fired.

Fitzgerald reported the incident to the Blaine County Sheriff's Office. When a Blaine County deputy sheriff called Joy to investigate the matter, Joy initially claimed he had run over the dog's head while it was lying in the road. However, after the deputy reminded Joy that he had told Fitzgerald the dog had run in front of the car, Joy agreed to that account. The deputy later swore out a criminal complaint against Joy charging him with mistreatment of an animal, in violation of I.C. § 18–2102.[1] Pursu-

ant to a search warrant, the officer seized some firearms and ammunition from Joy's residence. Ultimately, when confronted with the physical evidence, Joy admitted to shooting the dog, but maintained that he did so because it had been chasing deer and he believed the dog was wild. Joy said that he whistled to the dog and when it stopped and turned to him, he shot it from a distance of approximately twenty feet.

Upon hearing this evidence, the magistrate ordered a sentence of six months in jail, but provided for work release. In imposing the sentence, the magistrate commented that, "[t]he defendant, in my opinion, based on the evidence, acted with great cruelty, with malice, for no conceivable purpose.... I don't think I can imagine a more senseless, meaningless gesture." The magistrate then considered the criteria of I.C. § 19–2521 and concluded that a jail sentence would serve to deter Joy and others from such conduct in the future.

Joy sought review of his sentence in district court, which affirmed the magistrate's decision. On appeal to this Court, Joy maintains that the magistrate abused his sentencing discretion in ordering an excessive sentence.

## II

■■■ We initially note that Joy's sentence was within the statutory limit for the crime to which he pled guilty. Accordingly, we will not disturb it absent a showing that the magistrate abused his sentencing discretion. I.C. § 18–2102(2);[2] *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (Ct. App.1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution ap-

---

1. Idaho Code § 18–2102(1) provides, in relevant part, that "[e]very person who maliciously kills, maims or wounds an animal, the property of another ... is ... guilty of a misdemeanor."

2. Idaho Code § 18–2102(2) establishes a maximum penalty of six months' imprisonment and a one-thousand dollar fine.

plicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Under *Toohill,* a sentence longer than necessary to achieve these goals constitutes an abuse of discretion. *Id.*

In order to prevail on appeal, Joy must establish that, in light of the governing criteria, his six-month sentence, with work release provisions, was excessive under any reasonable view of the facts. *See State v. Small,* 107 Idaho 504, 690 P.2d 1336 (1984).

█ Joy maintains that his sentence was disproportionate compared to the sentences usually imposed for the commission of crimes more seriously affecting the social welfare, such as driving under the influence. He argues that because his act did not threaten the safety of a person, but was an act against an animal, he should not be subject to the punishment imposed by the court. We do not believe society's legitimate interest in punishing and deterring the inhumane acts committed by Joy is so slight as he suggests.

Despite Joy's most recent account that killing the dog was merely an instance of poor judgment or recklessness, we emphasize that Joy pled guilty to acting "maliciously." Moreover, the physical evidence introduced at the sentencing hearing, which the magistrate evidently chose to believe over Joy's testimony, shows that Joy intentionally committed the act of shoving the barrel of a gun up the nose of a dog he happened to find, and firing it. The impact of this type of conduct upon pet owners is often traumatic, particularly where, as here, the pet was regarded as a member of the family.

Additionally, we point out that Joy could have received a harsher sentence. By including a provision for work release, and omitting the one-thousand dollar fine authorized by statute, Joy's sentence may be viewed as reflective of the magistrate's consideration of those factors presented at the hearing favorable to Joy—such as the absence of evidence showing Joy to have mistreated the animals of others in the past. Having reviewed the facts before the magistrate at the time of sentencing, we are satisfied that the substantive criteria set forth in *Toohill* have been met. We conclude that the court did not abuse its sentencing discretion.

The judgment of conviction, including the six-month sentence, is affirmed.

SILAK, J., concurs.

SWANSTROM, J., concurs in the result.