832 P.2d 1170

STATE of Idaho, Plaintiff–Respondent,

v.

Jesse Stephen BIRKY, Defendant–Appellant.

Nos. 19398, 19649.

Court of Appeals of Idaho.

June 30, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Jesse Stephen Birky pled guilty to grand theft, I.C. §§ 18–2403(1), 18–2407(1)(b)(1). He received a unified sentence of four years in the custody of the Board of Correction with a minimum period of nine months' confinement. Appealing from the judgment of conviction, Birky claims that the sentencing court abused its discretion by failing to adequately address the relevant sentencing objectives and by overlooking Birky's difficult childhood and learning disabilities. In a separate appeal from the order denying his Rule 35 motion for a reduced sentence, Birky contends that the sentence of confinement was unreasonable because the counseling and vocational training envisioned by the court at the time of sentencing were unavailable to him. These appeals were consolidated for review by stipulation. We affirm.

Birky's sentence is within the statutory maximum. I.C. § 18–2408(2)(a). Accordingly, our review of his sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is

necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). Absent a showing that the court abused its discretion, we will not disturb the sentence on appeal. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991); *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Birky's actual term of confinement as nine months. To establish that his sentence was improper, Birky must show that, in light of the governing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Small*, 107 Idaho 504, 690 P.2d 1336 (1984). In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ Here, Birky pled guilty to stealing a VCR from the K–Mart store on Americana Boulevard, in Boise, where he was employed. The facts presented to the court indicate that Birky had also purchased a less expensive VCR, placed it in the box of the stolen, more expensive, VCR, and then, using a fictitious name, returned it to the Fairview K–Mart for a refund.

Although not argued at the sentencing hearing, the court was made aware, through the presentence report, of the abuse suffered by Birky as a child. The report also disclosed a prior felony conviction and outlined Birky's difficulties in adhering to the conditions of his previous grant of probation, which had resulted in the revocation of probation and incarceration at a state penitentiary. The court further noted that Birky had committed the instant offense while on parole, only two months after his release. The court also took into account that the crime did not involve bodily harm, but expressed concern that the defendant would likely commit other property crimes. Based on this record, we cannot say that a sentence of nine months' confinement was unreasonable. Birky has not met his burden of demonstrating the court abused its discretion.

■ Birky next contends that the court erred in refusing to grant his motion for a reduction under I.C.R. 35. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion essentially is a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). The denial of a motion for reduction will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *Lopez*, 106 Idaho at 450, 680 P.2d at 872. If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

■ At the hearing on the motion for reduction, Birky informed the sentencing court that the brevity of his term of confinement precluded his participation in the counseling and vocational programs recommended by the judge at the time of sentencing. He argued that he could accomplish nothing more while incarcerated and pressed the court to release him in order to allow him to take advantage of a standing job offer and to pursue his education outside of confinement. Denying this request, the court stated that Birky's inability to obtain the benefit of rehabilitation programs while incarcerated was not sufficient to warrant a reduction in his sen-

tence. The court further observed that by serving the term of confinement Birky "may realize where continued offenses may lead." Having reviewed the additional information presented on the motion for reduction, we remain unpersuaded that Birky's sentence is excessive. Therefore, we find no abuse of discretion in the court's denial of Birky's motion.

For the reasons stated above, we affirm the judgment of conviction, including the sentence, and affirm the order denying the motion for reduction.

SWANSTROM and SILAK, JJ., concur.