690 P.2d 1336

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dovey Lynn SMALL,
Defendant-Appellant.**

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Dovey Lynn SMALL,
Defendant-Respondent.**

**Nos. 14701, 14702.**

Supreme Court of Idaho.

Sept. 12, 1984.

Rehearing Denied Dec. 11, 1984.

Christine A. Burdick, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

Upon a jury verdict of guilty on charges of conspiracy to commit murder, conspiracy to commit robbery, robbery and first degree murder of Robert Bishop, appellant and cross-respondent, Dovey Small, was sentenced to two fixed life terms. Her co-defendant, Randy McKinney was sentenced to death. The principal issue raised by Small on appeal is whether the trial court abused its discretion by imposing too severe a sentence. Respondent and cross-appellant State of Idaho claims that the court abused its discretion in failing to sentence Small to death. We do not agree. The sentence of the trial court is affirmed.

In reviewing circumstances in aggravation of the punishment, the trial court found beyond a reasonable doubt that Small and McKinney conspired that McKinney would murder Bishop and rob him of his car, money and credit cards; that pursuant to the conspiracy, McKinney murdered and robbed Bishop and that defendant's involvement in the conspiracy included advising and encouraging the murder and robbery.

The trial court further found that although Small and McKinney had the same malignant hearts and motives, the mitigating circumstance of Small's lesser involvement in the crime, outweighed the circumstances in aggravation. The trial court concluded that since she was miles from the scene of the murder at the time of its commission and had only advised and encouraged the crime, imposition of the death penalty would be unjust.

Small contends that her sentence was excessive because her involvement was comparatively less serious than McKinney's, she lacked a prior felony criminal record, and the testimony adduced at the hearing tended to show that she is a good candidate for successful rehabilitation.

Where reasonable minds might differ as to the sufficiency of time of confinement, the discretion vested in the sentencing court in imposing sentence will be respected. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (1983). Our task is one of deciding whether a clear abuse of that discretion has been affirmatively shown and the question is whether the sentence is unreasonable upon the facts of the case. To establish that the sentence imposed was improper, the defendant must show that in light of the governing criteria, her sentence was excessive under any reasonable view of the facts. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (App.1982). In light of the facts of this case, we cannot conclude that the sentence constituted such an abuse of discretion.

We have considered Small's remaining arguments: that her Sixth Amendment right to compulsory process was violated by the trial court's failure to compel McKinney to testify, that statements made by defendant to an officer were in violation of her Fifth Amendment rights and should not have been admitted into evidence, and that the trial court erred by denying her motion for a directed verdict. We conclude that any error regarding these matters was harmless beyond a reasonable doubt and does not warrant further consideration.

**506**

*State v. LePage*, 102 Idaho 387, 630 P.2d 674 (1981).

The state avers that the degree of Small's participation in the crime was not a proper factor to be considered by the Court in mitigation of the severity of the sentence. This argument is without merit. It is improper for a legislature to limit the sentencing body's consideration of mitigating factors to those enumerated in a statute. *State v. Osborn*, 102 Idaho 405, 631 P.2d 187 (1981). Moreover, the legislature's failure to list any mitigating factors in its capital sentencing scheme indicates its intent that the sentencing judge entertain the broadest of views in considering any and all matters appropriate to a determination of culpability. *See* I.C. § 19–2515; *See* also, *State v. Owen*, 73 Idaho 394, 253 P.2d 203 (1953).

Not every offense in a like category calls for an identical punishment. There may properly be a variation in sentences as between different offenders, depending on the circumstances of the individual case, even cases where more than one offender has participated in the very same transaction which constitutes the crime. *Ex Parte Knapp*, 73 Idaho 505, 254 P.2d 411 (1953). The mere fact that there is a disparity of sentences between McKinney and Small does not establish that the trial court misapplied Idaho's capital sentencing law. In this case, the record shows that McKinney and Small had different backgrounds and played different parts in the commission of the crime. Under these circumstances, the disparity in the sentences was justified. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *see also, State v. Bowcutt*, 101 Idaho 761, 620 P.2d 795 (1980).

We disagree with the state's contention that the trial court concluded that defendant's status as an aider and abettor was an automatic mitigating factor. The trial court did not so conclude. Rather, since there are different levels of aiding and abetting, the court found that under the circumstances unique to this case, Small's

degree of participation did not rise to a level justifying capital punishment.

Initially, the State had urged this court to remand the cause to the trial court for resentencing. In supplemental briefing, the State cited the recent United States Supreme Court case of *Arizona v. Rumsey*, —— U.S. ——, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) for the proposition that this Court, and not the trial court, should resentence appellant. Since we affirm the trial court's sentence, resentencing is not required, and we need not discuss whether this Court may upwardly modify a sentence on appeal.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.