700 P.2d 91

**Harry BLACKMON and Sharon Blackmon, husband and wife, Plaintiffs-Appellants,**

v.

**Kolen ZUFELT and LaVera Zufelt, husband and wife, Defendants-Respondents.**

No. 15103.

Court of Appeals of Idaho.

April 23, 1985.

Brent T. Robinson, Ling, Nielsén & Robinson, Rupert, for plaintiffs-appellants.

Stanley G. Cole, Rupert, for defendants-respondents.

## PER CURIAM.

This dispute arises from the untimely demise of a nomadic bull. Harry and Sharon Blackmon sued their neighbors, Kolen and LaVera Zufelt, after Mr. Zufelt found the Blackmons' bull in his front yard and shot it. A magistrate, sitting in the small claims department, awarded damages to the Blackmons. The Zufelts appealed to the district court, where the case was reexamined *de novo*. Upon the Zufelts' motion, the district judge entered summary judgment against the Blackmons' complaint. This appeal followed. We reverse and remand.

The sole issue is whether the summary judgment was precluded by a genuine issue of material fact. The materiality of a fact is determined by its relationship to legal theories presented by the parties. Here, the Blackmons' legal theory of recovery was that a person has no right to destroy livestock, even if an animal intrudes upon his property, unless it poses a danger to person or property. This theory is not controverted on appeal. Consequently, the danger, if any, posed by the bull is a fact material to the outcome.

The only direct evidence of events leading to the bull's death was furnished by Kolen Zufelt. Mr. Zufelt stated in an affidavit that he encountered the bull as he drove a car into his driveway, followed by other persons in a pickup truck. When Zufelt and the others exited their vehicles, the bull charged. All parties quickly reentered the vehicles. However, the bull's attention was momentarily diverted, giving Zufelt the opportunity to make his way into the house. He returned with a .357 magnum revolver and fired into the air to frighten the animal. However, the bull charged again and Zufelt shot him. A veterinarian was summoned but he deemed it necessary to dispose of the animal.

Although the Blackmons were not present at the shooting, they contested Zufelt's account of the circumstances. Sharon Blackmon submitted an affidavit stating that the bull had a reputation as a gentle creature and had served as a playful companion to the Blackmons' children. Mrs. Blackmon also stated that during prior incidents when livestock had strayed, Mr. Zufelt had threatened to shoot the intruding animals and had fired his pistol to scare them.

Thus, the district judge was faced with a choice between direct and circumstantial evidence. The Zufelts' direct evidence, if accepted, showed that the bull posed a danger. The Blackmons' circumstantial evidence, if accepted, could have supported an inference that the bull did not pose a danger but was shot because it was an intruder.

In general, a party resisting a motion for summary judgment is entitled to a favorable view of conflicting evidence and to the benefit of all reasonable inferences. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). A limited exception applies to cases governed by *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982). In *Ritchie* our Supreme Court held that if an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment. Rather, the judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.* at 519, 650 P.2d at 661. In this case no jury was requested. Accordingly, the Zufelts now argue that the district judge was at liberty to reject the inference urged by the Blackmons upon their circumstantial evidence.

We recently have held that if a judge exercises the *Ritchie* power, he should make findings to identify the inferences drawn—or, as in this case, rejected—and to identify the evidentiary facts upon which his decision is based. *Argyle v. Slemaker,* 107 Idaho 668, 691 P.2d 1283 (Ct. App.1984). Here, the record contains no findings as such, but it does contain the judge's remarks from the bench. The judge characterized Mrs. Blackmon's affidavit as merely raising an "innuendo" that Mr. Zufelt's affidavit might be false. In *Argyle* we further held that if the credibility of an affiant furnishing direct evidence is put at issue by other, circumstantial evidence, the credibility issue should not be resolved on summary judgment. Credibility determinations are best made when the trier of fact has an opportunity to observe the demeanor of the witnesses. *Magill v. Gulf & Western Industries, Inc.,* 736 F.2d 976 (4th Cir.1984). Based upon *Argyle,* we hold that summary judgment in this case was inappropriate. We note, of course, that the district judge did not have the benefit of *Argyle* when he made his decision.

The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion. Costs to appellants, Blackmon. No attorney fees on appeal.