971 P.2d 1151

Dovey SMALL, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 23113.

Court of Appeals of Idaho.

Aug. 13, 1998.

Rehearing Denied Oct. 19, 1998.

Review Denied Feb. 25, 1999.

Scott E. Axline, Blackfoot, for appellant.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Dovey Small appeals from the district court's order which summarily dismissed her application for post-conviction relief. We affirm.

## I.

### FACTS AND PROCEDURE

In 1982, Small and her boyfriend, Randy McKinney, were charged with murder in the first degree, conspiracy to commit murder, robbery and conspiracy to commit robbery. Testimony at Small's trial revealed that Small and McKinney were traveling through Idaho to visit Small's sisters who lived near Arco. Small and McKinney were nearly out of money. According to the offered testimony, Small and McKinney conspired, while

sitting at a kitchen table in the presence of others, to kill Robert Bishop, take his money and use his car to flee the state. McKinney then killed Bishop in the desert, while Small was playing pool at a bar in town, and McKinney reported the crime to Small. McKinney and Small, along with one of Small's sisters, visited the crime scene and witnessed Bishop's dead body. Small and McKinney were arrested later that day.

A jury found Small guilty of all counts, and the district court sentenced her to fixed life terms for murder and robbery and indeterminate·thirty-year terms for the conspiracy charges.[1] Small appealed, and the Idaho Supreme Court affirmed Small's judgments of conviction and sentences. *State v. Small,* 107 Idaho 504, 690 P.2d 1336 (1984).

Small filed an application for post-conviction relief in 1989. The state answered claiming the application failed to allege facts that, even if true, would entitle Small to post-conviction relief. Argument was held and the district court orally dismissed most of Small's claims. Subsequently, in 1995,[2] the district court issued a memorandum decision disposing of the remaining two issues—(1) the allowance of McKinney's claim of his Fifth Amendment privilege at Small's trial; and (2) McKinney's new-found willingness to testify on Small's behalf. The district court summarily dismissed Small's application. Small filed a motion for reconsideration and the district court issued another memorandum decision denying the motion. Small appealed.

## II.

## DISCUSSION

Small raises numerous issues on appeal, most of which were either not raised in her application below or are not supported by argument or authority. Small claims on appeal that: (1) her equal protection rights were violated; (2) her fixed life sentences

violate the cruel and unusual punishment clause of the Eighth Amendment; (3) the Uniform Post–Conviction Procedure Act (UPCPA) is unconstitutional; (4) her right to be free from double jeopardy was violated; (5) the district court erred in allowing McKinney's blanket assertion of his Fifth Amendment privilege during Small's trial; (6) her counsel's assistance was ineffective both at trial and on her direct appeal; and (7) a new trial should have been granted in light of newly discovered evidence which McKinney is now willing to offer. Upon review, we have concluded that we will disregard the first five issues because they were not raised in the application below. We address some of the ineffective assistance of counsel issues, but disregard others because they were not raised below. Finally, we address Small's claim that she deserves a new trial because McKinney now avers that Small had nothing to do with Bishop's murder.

## III.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement

---

1. McKinney was found guilty of the same charges in his trial before a jury and was sentenced to death. His judgments of conviction and sentences were upheld on appeal. *State v. McKinney,* 107 Idaho 180, 687 P.2d 570 (1984).

2. It is unclear from the record why six years passed before the district court issued its memorandum decision and order. However, McKinney's affidavit, presenting new testimony where he claimed Small had nothing to do with the murder, was not filed until 1993.

of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## A. Issues Not Raised in the Application Below

■ Small asserted the following issues in her application below, on page two at paragraph seven:

7. State concisely all the grounds on which you base your application for post-conviction relief:

(a) Ineffective Assistance of Counsel at Trial

(b) Trial Error

(c) Appeal Error

(d) Ineffective Assistance of Counsel on Appeal accessible [*sic*]

(e) Denial of Right to Counsel and/or access to courts on appeal

(f) New evidence

(g) Prosecutorial misconduct

These are the only grounds asserted before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). *But see State v. Raudebaugh,* 124 Idaho 758, 762, 864 P.2d 596, 600 (1993). Therefore, Small's claims that her equal protection rights were violated, that her fixed life sentences violate the cruel and unusual punishment clause of the Eighth Amendment, that the UPCPA is unconstitutional, that her right to be free from double jeopardy was violated, and that McKinney's blanket assertion of his Fifth Amendment privilege during Small's trial was improper will not be considered for the first time on appeal. Thus, the only claims Small properly raises before this Court are that counsel was ineffective and that she should receive a new trial because of newly discovered evidence.

## B. Ineffective Assistance of Counsel

■ Small contends that her trial counsel and direct appeal counsel were both ineffective. In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Aragon,* 114 Idaho at 760, 760 P.2d at 1176. An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177.

### 1. Ineffective assistance of counsel issues not raised below

 On appeal, Small claims that counsel's assistance was ineffective because counsel: (a) was inexperienced, (b) handled the case as a sole practitioner, (c) made no objection to the presiding trial judge, (d) repeatedly failed to object to the introduction of evidence, (e) failed to file a Rule 35 motion, (f) failed to request a *Holder*[3] instruction, and (g) Small was under the influence of prescriptive drugs which inhibited her ability to communicate with counsel. Small claims that the cumulative effect of these errors constituted ineffective assistance of counsel. Additionally, Small argues that her appellate counsel's assistance was ineffective because Small did not have good communications with counsel and was not allowed to review the trial records.

Only three of these issues, however, were raised in the application. On page three, paragraph nine, Small listed her claims for ineffective assistance of counsel:

9. If your application is based upon the failure of counsel to adequately represent you, state concisely and in detail what counsel failed to do in representing your interests:

(a) Counsel at trial failed to request that the sworn testimony of Randy McKinney, from his trial, be admitted into evidence.

(b) Counsel at trial failed to disqualify the sitting Judge.

(c) Counsel at trial was inexperienced in felony trial and had never handled a Capital Case before.

(d) Counsel at trial was a solo practitioner and no second attorney was appointed to help represent the defendant.

(e) The defendant was on medication at the time of trial and sentencing which prohibited her from adequately conferring with counsel and participating in her own defense.

(f) Counsel on appeal failed to meet with defendant to review case and/or the transcript.

Therefore, Small's claims that counsel repeatedly failed to object to the introduction of evidence, failed to file a Rule 35 motion and failed to request a *Holder* instruction were not raised below, and we will not address them for the first time on appeal. *Fodge,* 121 Idaho at 195, 824 P.2d at 126.

### 2. Ineffective assistance of counsel issues properly raised below

Small argued to the district court that counsel's assistance was ineffective because he was a sole practitioner and inexperienced, because he failed to object to the presiding trial judge, and because Small was on prescriptive drugs and was unable to communicate with counsel. We address each of these issues in turn.

 Small argues that her trial counsel was a sole practitioner and was inexperienced and, because of this, he provided ineffective assistance. Thus, she claims she should receive a new trial with the assistance of competent counsel. Although the level of a particular attorney's experience may shed light on an evaluation of his or her actual performance, it does not justify a presumption that counsel was ineffective. *State v.*

---

**3.** *State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979) (instruction which advises the jury that in order to find a defendant guilty on circumstantial evidence, there must be no reasonable hypotheses other than the defendant's guilt which accounts for the circumstantial evidence).

*Chapman,* 120 Idaho 466, 469, 816 P.2d 1023, 1026 (Ct.App.1991). "Mere inexperience of counsel is not a sufficient basis for a claim of ineffective assistance, such claim must succeed or fail on counsel's performance, not his [or her] level of experience." *Id.* (citation omitted). Small's assertions that counsel acted without co-counsel and was inexperienced are, standing alone, not enough to support a claim that counsel's assistance was ineffective.

▆▆▆▆ Small claims that counsel erred when he failed to object to the presiding trial judge. Small argues that counsel should have objected because the presiding judge also presided in McKinney's case, where McKinney was found guilty of murder and sentenced to death. Small contends that the judge was biased and considered evidence not presented during Small's trial. Small does not allege any specific point of error which might reveal the district court's bias. Furthermore, the decision whether to request the recusal of a trial judge is a strategic matter, one which should be left to the discretion of the attorney. *See Giles v. State,* 125 Idaho 921, 924, 877 P.2d 365, 368 (1994). Therefore, we find no reversible error in counsel's decision to not request the trial judge's recusal.

▆▆▆▆ Small complained in her application that she "was on medication at the time of trial and sentencing which prohibited her from adequately conferring with counsel and participating in her own defense." In her affidavit Small alleges that she was also pregnant at the time of trial, which enhanced the effect of the medications and made her unable to process information. However, Small's application and affidavit present us with nothing more than her bare conclusory allegations that she was on prescription drugs and that the medication affected her ability to confer with counsel. Small has not presented any medical testimony regarding the effect of the drugs and, for that matter, has not even indicated what the drugs were. Idaho Code Section 19–4903 requires that the allegations contained in a post-conviction application be supported by affidavits, records, or other admissible evidence which support the claim. Here, Small has not supported her allegation with admissible evidence. Therefore, we affirm the district court's order dismissing Small's claim that she received ineffective assistance of counsel because she was on prescription drugs.

## C. Newly Discovered Evidence

Small contends that McKinney's affidavit, wherein he states that Small had nothing to do with Bishop's murder, presents new evidence which would probably produce an acquittal if it was presented to a jury. McKinney stated in his affidavit:

> 4. That your affiant now is willing to testify, under oath, that said petitioner, Dovey Small, had no prior knowledge of, nor did she participate in, the death of Robert Bishop.
>
> 5. That the commission of the murder of said Robert Bishop was done solely and exclusively by your affiant and to the exclusion of the above captioned petitioner, Dovey Small.

The district court decided that McKinney's affidavit presented new evidence which should be evaluated by the standard established in *State v. Drapeau,* 97 Idaho 685, 551 P.2d 972 (1976). The district court determined that under that standard Small's application should be summarily dismissed because the evidence was merely cumulative of other evidence presented at trial and because the evidence presented would not probably produce an acquittal.

▆▆▆▆ The question before us is whether the district court erred when it granted the state's motion for summary disposition. In analyzing an application for post-conviction relief, to determine whether a hearing is required, the following standard should be applied:

> When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. Allegations contained in the application are insufficient for the granting of relief when they are clearly disproved by the record of the original proceedings, or do not justify relief as a matter of law.

**334**

*Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975) (citation omitted). *See also Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).

 The district court dismissed Small's application pursuant to I.C. § 19–4906(c), which reads:

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

It is well settled that summary disposition under I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Therefore, we will look to summary judgment standards to determine whether summary disposition was appropriate in this matter.

Generally, the trial court is not permitted to weigh the evidence or resolve controverted factual issues when ruling on a motion for summary judgment. *AID Ins. Co. v. Armstrong,* 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App.1991). However, where the "evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). *See also AID Ins. Co.,* 119 Idaho at 900, 811 P.2d at 510 (if the court will be the ultimate finder of fact, both parties have moved for summary judgment and the motions are based on the same evidentiary facts, then "summary judgment is appropriate even though conflicting inferences are possible, so long as all the evidence is confined entirely to the record"); *Blackmon v. Zufelt,* 108 Idaho 469, 470, 700 P.2d 91, 92 (Ct.App.1985) (when the judge will be the trier of fact, he or she is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts). In a post-

conviction case, the evidentiary hearing is tried before the court without a jury. In this case, accepting McKinney's affidavit, thereby placing no factual issue in dispute, we make no inferences therefrom.

 The specific question we must address is whether McKinney's affidavit presented new evidence which made the district court's summary disposition inappropriate. The test for obtaining a new trial based on newly discovered evidence is set forth in *Drapeau:*

A motion based on newly discovered evidence must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*Drapeau,* 97 Idaho at 691, 551 P.2d at 978.

 The first element of *Drapeau,* that the evidence be newly discovered, is met in this case because McKinney, when called to testify at Small's criminal trial, asserted his Fifth Amendment privilege to not incriminate himself. McKinney only offered the testimony in 1993, eleven years after Small's conviction. Thus, his current offer to testify on behalf of Small is new and was not known to her at the time of trial.

The second element of the *Drapeau* test requires that the newly discovered evidence be "material, not merely cumulative or impeaching." The Arizona Supreme Court has recited a useful explanation of the contrast between substantive and impeaching evidence:

Unlike substantive evidence which is offered for the purpose of persuading the trier of fact as to the truth of a proposition on which the determination of the tribunal is to be asked, impeachment is that which is designed to discredit a witness, i.e., to reduce the effectiveness of his testimony by bringing forth evidence which explains why the jury should not put faith in him or his testimony. Examples of impeachment evidence would include prior inconsistent

statements, bias, attacks on [the] character of a witness, prior felony convictions, and attacks on the capacity of the witness to observe, recall or relate.

Evidence may be both substantive and impeaching.

*Zimmerman v. Maricopa County Superior Court,* 98 Ariz. 85, 402 P.2d 212, 215 (1965) (footnotes omitted) (citations omitted). In the case at hand, McKinney's affidavit proclaims that Small had no knowledge of and took no part in Bishop's murder. This evidence is substantive because it has been offered to persuade the trier of fact that Small is innocent. It is not simply an attack on the credibility of the witness who testified Small and McKinney conspired to kill Bishop at a kitchen table in the presence of others. Therefore, McKinney's proposed testimony is not merely impeaching.

■ The second element of *Drapeau* also requires that the evidence be more than merely cumulative. Cumulative evidence is additional or corroborative evidence that "goes to prove what has already been established by other evidence." BLACK'S LAW DICTIONARY 380 (6th ed.1990). Small testified at her trial that she did not know McKinney was going to kill Bishop. McKinney is now offering the same testimony. This testimony, however, is not merely cumulative. Small's testimony was not believed by the jury because she was found guilty. Thus, the proposition Small is attempting to prove through McKinney's testimony has not "already been established." Therefore, McKinney's testimony is material, it is not merely impeaching or cumulative, and the second element of the *Drapeau* test is met.

■ Likewise, the new evidence satisfies the fourth element of the *Drapeau* test, which requires that the failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *Drapeau,* 97 Idaho at 691, 551 P.2d at 978. Small's counsel called McKinney to the stand, but McKinney refused to testify about any of the events which led to the death of Bishop. Now, many years later, McKinney has offered to testify. Small cannot be faulted for McKinney's assertion of his Fifth Amendment privilege.

■ If Small did not present evidence of such a nature that it would probably produce an acquittal, the third element of the *Drapeau* test is where Small's application must fail. The district court considered the entire record, including McKinney's trial where he was found guilty of murder and sentenced to death, and determined in its memorandum decision:

> The Court does not believe that the evidence, if true, would probably produce an acquittal. First, McKinney's current testimony would be contradicted by his previous testimony. The testimony given by McKinney at his own trial (which immediately preceded Petitioner's trial) implicated Petitioner in Bishop's murder. In addition, McKinney's prior testimony and the record indicate a strong willingness on McKinney's behalf to protect Petitioner and to do whatever is possible to help her. Lastly, McKinney's affidavit is suspect, because at the time it was given McKinney's appeal and first post-conviction petition had been denied, thereby affirming McKinney's death sentence. McKinney's testimony would probably be viewed by a jury as an effort on his part to secure Petitioner's freedom, since he had nothing to lose by taking full responsibility for the crimes against Bishop. Under these circumstances, the Court could not find that McKinney's testimony would probably result in an acquittal of Petitioner, thereby satisfying the third *Drapeau* element.

(Citations omitted.). As noted by the district court, it considered McKinney's testimony at his own trial, the testimony presented at Small's trial, and several letters written by McKinney to Small while they were both incarcerated. Small has not provided this Court with a copy of the transcripts from McKinney's murder trial. Portions of a transcript missing on appeal are presumed to support the actions of the district court. *State v. Repici,* 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct.App.1992). Therefore, we must presume that the district court was correct when it found that McKinney implicated Small at his trial when he testified on his own behalf. Moreover, the record pre-

sented on appeal supports the district court's findings. In letters written by McKinney to Small, McKinney repeatedly offers to now help Small in her case. Thus, we cannot find that the district court erred when it reviewed the record before it, including all of the testimony and evidence presented in two different murder trials, and concluded that McKinney's testimony, as newly discovered evidence, would not probably produce an acquittal. Therefore, the third element of the *Drapeau* test was not met and the district court did not commit reversible error when it granted the state's motion for summary disposition under I.C. § 19–4906(c).

## III.

### CONCLUSION

We conclude that many of Small's appellate issues cannot be considered because she failed to raise them below. We conclude that the district court did not err when it held Small failed to demonstrate that her counsel's assistance was ineffective. Lastly, we hold that Small failed to meet the third element of the *Drapeau* test, and the newly discovered evidence she presented by affidavit would not have probably produced an acquittal. Thus, the district court's order summarily dismissing Small's application for post-conviction relief is affirmed.

BURDICK, J. Pro Tem., concurs.

SCHWARTZMAN, Judge, dissenting.

I am constrained to dissent with two aspects of the majority decision.

1. **Ineffective Assistance Of Counsel: Failure To File A Rule 35 Motion For Reduction Of Sentence.**

A brief procedural history is in order to place this issue into perspective. Small's direct appeal from the trial court was finally completed on December 11, 1984. *State v. Small,* 107 Idaho 504, 690 P.2d 1336. The principal issue addressed in the appeal was whether the trial court abused its discretion by imposing too severe a sentence. At the time the appeal was filed, Idaho Criminal Rule 35 permitted a trial court to reduce a sentence within 120 days after affirmance on

appeal or any order of the Supreme Court denying review of or having the effect of upholding a judgment of conviction. Thus, jurisdictionally speaking, Small would have had until April 11, 1985, to file a motion for reduction of sentence. This was never done by either her trial or appellate counsel.

I fully recognize that Small's post-conviction petition is hardly a model of clarity and specificity in regard to even raising this issue. However, her petition does request, in the form of relief, not only a new trial, but alternatively "a reduction in sentence." In addition, the trial court did allude to this issue at a hearing on October 7, 1994, and invited counsel to include it in his brief.

As counsel for Small now states in his brief before this Court, "[a]gain, what possible trial tactic could explain the failure to file such a motion? The answer: There is none." If Small is denied the opportunity to even raise the issue through a post-conviction act petition, she is left in the anomalous position of having *three* different attorneys fail to assist her in this regard. I would permit her to have a hearing on this issue, fully recognizing that even if she prevailed to the extent of being allowed to file a belated Rule 35 on the prong of ineffective assistance of counsel, the trial court could summarily deny the same without a hearing.

2. **Newly Discovered Evidence: Prong (3) That It Will Probably Produce An Acquittal.**

The majority opinion finds that three of the four *Drapeau* standards have been met, but upholds the *summary disposition* under the *Riverside v. Ritchie* rubric that where "evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between inferences." However, the evidentiary posture of this case far transcends, in my opinion, a conflict between *inferences,* as the trial court is actually weighing the evidence and resolv-

ing issues of credibility from a cold record.[1] Certainly, it is within the court's discretion to weigh the newly discovered evidence and conclude that it lacks credibility and would probably not produce an acquittal. *See, e.g., State v. Fields,* 127 Idaho 904, 913, 908 P.2d 1211, 1220 (1995). Recognizing that the post-conviction act judge was not the same judge who presided over the trials of Small and McKinney, I think this determination must, and can only, be made after giving Small the opportunity to present her witness at an evidentiary hearing, subject to full cross-examination.

Accordingly, I respectfully dissent and would remand for a hearing on the two issues presented herein.

---

1. The quoted portion from the memorandum decision makes this abundantly clear. Thus, McKinney's affidavit is not being accepted as "true," but only for the proposition that he would testify as such if called as a witness.