# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Docket No. 35825 |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH EDWARD SCHMITZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| JOSEPH EDWARD SCHMITZ, | ) | Docket No. 36666 |
| | ) | |
| Petitioner-Appellant, | ) | 2010 Unpublished Opinion No. 517 |
| | ) | |
| v. | ) | Filed: June 18, 2010 |
| | ) | |
| STATE OF IDAHO, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondent. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Orders denying I.C.R. 35 motion for reduction of sentence and granting summary dismissal of successive petition for post-conviction relief, <u>affirmed</u>.

Joseph E. Schmitz, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Joseph Edward Schmitz was convicted upon a jury verdict finding him guilty of lewd conduct with a minor under sixteen. In this consolidated appeal, he appeals the denial of his Idaho Criminal Rule 35 motion for reduction of sentence and the summary dismissal of his successive post-conviction petition. We affirm.

1

# I.

## FACTS AND PROCEDURE

After a jury trial, Schmitz was convicted of lewd conduct with a minor under sixteen years, Idaho Code Section 18-1508. He filed a motion for a new trial, which was denied. On March 23, 2006, the district court imposed a unified sentence of ten years with five years determinate, but suspended the sentence and placed Schmitz on probation for a period of ten years. No direct appeal was taken. Schmitz filed a petition for post-conviction relief and after an evidentiary hearing, the district court dismissed the petition in April 2007.

Schmitz subsequently violated the terms of his probation. However, the district court reinstated probation. Approximately three months later, Schmitz admitted to again violating the terms of his probation. In response, the court revoked probation, executed the original sentence, and retained jurisdiction for 180 days. After a review hearing in May 2008, the district court relinquished jurisdiction and modified the sentence to a total of ten years with four years determinate. Schmitz filed a Rule 35 motion for reduction of sentence, which was denied. Schmitz appealed the denial of his Rule 35 motion.

On March 25, 2009, Schmitz filed a *pro se* successive petition for post-conviction relief, alleging violations of his due process rights, denial of equal protection, age discrimination, cruel and unusual punishment, and ineffective assistance of counsel in regard to the period of retained jurisdiction and the court's subsequent relinquishment of jurisdiction. The district court issued a notice of intent to summarily dismiss the petition, giving Schmitz thirty days to respond. After Schmitz did so, the district court viewed the response as merely disagreement with the court's legal conclusions, and it summarily dismissed all but one of Schmitz's claims. Citing additional grounds on which it intended to dismiss Schmitz's age discrimination claim, the district court granted Schmitz additional time to reply to the notice of intent to dismiss that claim. Schmitz filed a response outside the twenty-day time period allowed by the district court, but even after the court considered the untimely response, it still summarily dismissed Schmitz's remaining claim of age discrimination. Schmitz timely appealed and filed a motion to consolidate his Rule 35 appeal and his post-conviction appeal, which was granted by the Idaho Supreme Court.

ANALYSIS

## A.    Post-Conviction Petition

Schmitz appeals from the district court's order summarily dismissing his successive petition for post-conviction relief.  Schmitz advances several arguments he raised below:  that he was denied his due process rights when he participated in a psychosexual evaluation prior to his retained jurisdiction hearing and when he was "not allowed to challenge the Rider [sic] evaluations," that the evaluators denied him equal protection by engaging in age discrimination, and that counsel was ineffective for advising him not to file an appeal of his sentence.  He also raises two new issues on appeal:  that the district court abused its discretion "when it displayed bias and prejudicial conduct and actions," and that his attorney rendered ineffective assistance of counsel when he failed to assist Schmitz in preparing for the May 9, 2008, rider review hearing.

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992).  Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).  An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004).  An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1).  Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application.  I.C. § 19-4903.  In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative.  Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56.  A claim for post-conviction relief will be subject to

summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Rhoades*, 148 Idaho at 249-50, 220 P.3d at 1068-69; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

### 1.   Judicial bias

In the introduction of the argument section of his appellate brief, Schmitz contends that the trial court "abused its discretion when it displayed bias and prejudicial conduct and actions due to numerous and obvious reversible errors." In the substantive portion of his brief on this issue, Schmitz lists numerous instances of alleged bias and prejudice by the trial court and then claims that the trial court "committed reversible error when the Court excluded or refused to accept documented testimony from witnesses." It appears that Schmitz actually raises two distinct issues--allegations of judicial bias and assignment of error in regard to admission of evidence. We need not parse Schmitz's arguments further, however, because he did not raise either issue below.

It is well settled that in general, issues not raised below may not be raised for the first time on appeal. *Small v. State,* 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998). As we indicated above, Schmitz's successive post-conviction petition and supporting affidavits do not raise either the judicial bias claim or the evidentiary error claim. Thus, we will not address them for the first time on appeal.

### 2. Ineffective assistance of counsel

Schmitz also argues that it was error to dismiss his ineffective assistance of counsel claims alleging trial counsel was ineffective for failing to assist him in preparing for his rider review hearing and was ineffective for advising him against appealing the court's decision to sentence him to prison. However, his claim regarding counsel's failure to properly prepare him for the rider review hearing is raised for the first time on appeal. As we indicated above, it is well-settled that in general, issues raised for the first time on appeal will not be addressed. *Id.* We therefore do not address the merits of this claim.

In regard to his claim of ineffective assistance, based on counsel's advice that he not appeal his sentence, the district court gave notice that it would summarily dismiss the claim because Schmitz did not allege that his attorney "failed or forgot to file the appeal, only that he advised against it." In addition, the court noted that the record indicates that a notice of appeal was, in fact, filed on November 3, 2008, which was pending at the time the district court noticed its intent to summarily dismiss Schmitz's petition. Thus, the court concluded that even assuming that Schmitz's attorney failed or refused to file an appeal, Schmitz could not show the requisite prejudice because an appeal had actually been filed.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

The record indicates Schmitz presented no evidence that he demanded, and his counsel refused, to file an appeal of his sentence. Nor does he present facts indicating that counsel's advice (to not appeal) was not reasonable. Additionally, the record indicates that Schmitz filed a notice of appeal *pro se* seeking review of the trial court's denial of his Rule 35 motion.[1] Thus, the district court was correct in ruling that Schmitz failed to establish a prima facie case of ineffective assistance of counsel on his sentencing claim. The district court did not err in summarily dismissing this claim.

### 3.    Due process

Schmitz contends that the district court erred in summarily dismissing his post-conviction claim that his due process rights were violated because his psychosexual evaluation was not performed by "qualified sex offender clinicians" and because he was "not allowed to challenge the Rider [sic] evaluations." As a result, Schmitz contends that the sentencing court "violated his protected liberty interest when the Court sentenced [him] to prison based on a flawed report by the unqualified clinicians at [the prison]."

In summarily dismissing Schmitz's due process claim, the district court concluded, among other things, that Schmitz did not have a protected liberty interest in being granted probation after the period of retained jurisdiction and that he failed to show prejudice in regard to either claim. Because it is dispositive, we focus on the absence of a recognized liberty interest.

Due process protections are implicated only where a government decision deprives an individual of a liberty or property interest within the meaning of the Fourteenth Amendment's Due Process Clause. *State v. Rogers*, 144 Idaho 738, 741, 170 P.3d 881, 884 (2007). In *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001), the Idaho Supreme Court overruled *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), by holding that an inmate's hope or expectation of probation at the conclusion of a retained jurisdiction period is not a liberty interest

---

[1]    Schmitz attempts to distinguish an appeal of the sentence itself and his *pro se* appeal from the denial of his Rule 35 motion. His appeal of the denial of his Rule 35 motion is an appeal challenging his sentence.

protected by the Due Process Clause. Thus, the Court held, there exists no constitutional requirement of a hearing either at the correctional facility or in the trial court before the court determines whether to relinquish jurisdiction or to place the defendant on probation. *Coassolo*, 136 Idaho at 143, 30 P.3d at 298. The Court also specifically noted that in light of this conclusion, the interest of the prisoner in the fairness and accuracy of the rider report is not a constitutionally protected liberty interest. *Id.*

In *State v. Goodlett*, 139 Idaho 262, 77 P.3d 487 (Ct. App. 2003), this Court addressed whether, in light of *Coassolo*, the trial court has a duty to give the defendant an opportunity to make a written response to the facility's report before the court decides whether to relinquish jurisdiction. We held that *Coassolo* does not require the facility to extend to the defendant the opportunity to make a response as such a holding would "contravene the express holding of *Coassolo* that inmates have *no* due process rights to any procedural safeguard in connection with the facility's recommendation or the court's decision whether to grant probation or to relinquish jurisdiction." *Id.* at 265, 77 P.3d at 490.

Based on the authority above, we conclude that the district court did not err in summarily dismissing Schmitz's due process claims as he retained no recognized liberty interest in challenging the accuracy and fairness of the report (implicated by his argument that the psychosexual examination was not conducted by "licensed clinicians") or in having an opportunity to challenge the rider evaluations. In addition, to the extent that he contends that the sentencing court violated his due process right by denying him probation, his claim fails and summary dismissal was appropriate. *See Coassolo*, 136 Idaho at 143, 30 P.3d at 298 (holding that a defendant does not have a protected liberty interest in being granted probation after a rider; rather there is the "mere possibility or a 'coveted goal'").

### 4. Equal protection

Schmitz also contends that the district court erred in summarily dismissing his claim that age discrimination was a "major factor" in the district court's decision to relinquish jurisdiction. Specifically, he claimed that "[m]en 35 or older were recommended for relinquishment where men 34 or under were recommended for probation."

In summarily dismissing the claim, the district court noted that an applicant for post-conviction relief is required to make a prima facie case by presenting admissible evidence on each essential element of his claims, and that Schmitz had relied on "inadmissible, speculative

evidence based on what he believes were [the evaluator's] reasons for making recommendations as to different inmates." In its first notice of intent to dismiss, the court also noted that while Schmitz claimed he had several witnesses willing to testify on his behalf, he failed to include affidavits from these witnesses, failed to name them, and "even failed to allege hearsay as to what these witnesses would specifically testify to." Finally, the court also noted that all of Schmitz's evaluators gave "substantial reasoning for their conclusions, which were in no way related to age discrimination. Rather, it appears that [Schmitz] was unable to accept full responsibility for his crimes and constantly shifted the blame for his acts and misfortune of incarceration onto others." The court gave notice the claim would be dismissed because it was unsupported by admissible evidence, and contradicted by the record.

In response to the court's notice of intent to dismiss, Schmitz submitted affidavits of four fellow inmates who, as the district court put it, "believe" that the correctional facility staff discriminates against inmates on the basis of their age. The court noted that the testimony of each affiant is similar, each basing their conclusion on their perception that the younger inmates were recommended for probation, despite their inferior performance, and the older inmates were not, due solely to their more mature ages. The district court ruled that the affiants' claims were conclusory.[2]

As noted above, the district court is not required to accept an applicant's mere conclusory allegations when determining whether an application establishes a prima facie case regarding the claims asserted in a post-conviction petition. Having reviewed the affidavits from Schmitz's fellow inmates, we agree with the district court that the affidavits provided conclusory opinions-- without verified facts--as to why certain inmates were recommended for probation and others were not. In short, they present nothing but speculation about evaluators' reasons for their recommendations. Because this claim was not supported by admissible evidence, the district court did not err in summarily dismissing Schmitz's equal protection claim.

## B.     Rule 35 Motion

As the state points out, while in the "Statement of the Case" section of his brief, Schmitz indicates that he appeals from the district court's "decisions on September 22, 2008 denying

[2]     The district court also gave other reasons for summarily dismissing this equal protection claim; however, we need not address them here because we conclude that its initial basis for dismissal was not erroneous.

8

Reduction of Sentence and request for Probation after placing Appellant in the Rider Program at Cottonwood, Idaho," he never refers to the issue again and thus provides no argument on his contention that the district court erred in denying his Rule 35 motion. It is well settled that a party waives an issue on appeal if argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, we do not address the merits of this argument.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Schmitz's successive petition for post-conviction relief, because he did not present any material issues of fact such that an evidentiary hearing was required. Specifically, as to his post-conviction claims regarding the district court's alleged bias and his allegation that counsel rendered him ineffective assistance because he did not adequately prepare Schmitz for the retained jurisdiction hearing, we do not reach the merits because the claims were not raised below. Further, the district court did not err in summarily dismissing Schmitz's ineffective of assistance claim based on the allegation that counsel had advised him against filing a direct appeal of his sentence, because Schmitz did not demonstrate deficient performance or prejudice. Likewise, the court did not err in summarily dismissing his claim that his due process rights were violated by the procedures involved in the preparation of his rider evaluation, because he does not possess a recognized liberty interest in an accurate report or in responding to the report. Finally, the district court did not err in summarily dismissing the equal protection claim based on an allegation that older inmates in the retained jurisdiction program were discriminated against in the facility's recommendations of suitability for probation, because Schmitz offered only conclusory assertions in support. We do not reach the merits of Schmitz's claim that the court erred in denying his Rule 35 motion for reduction of sentence, because Schmitz provides no argument or authority in regard to the issue on appeal.

The district court's denial of Schmitz's Rule 35 motion is affirmed, as is the district court's summary dismissal of his successive petition for post-conviction relief.

Chief Judge LANSING and Judge GRATTON, CONCUR.

9