**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36942**

| | | |
|---|---|---|
| JUDITH H. BEAUDET, | ) | 2011 Unpublished Opinion No. 399 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 18, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES P. HOOPS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent | ) | BE CITED AS AUTHORITY |
| | ) | |
| and | ) | |
| | ) | |
| NADIHOOPS, LLC, an Idaho limited liability company | ) | |
| | ) | |
| Intervenor-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Steven C. Verby, District Judge.

Judgment of the district court granting quiet title, <u>affirmed</u>.

Judith H. Beaudet, Bonners Ferry, pro se appellant.

Featherston Law Firm, Chtd., Brent C. Featherston, Sandpoint, for respondents.

---

GUTIERREZ, Judge

Judith H. Beaudet appeals the district court's judgment granting quiet title in favor of Hoops and effectively denying her claims for relief.

## I.

## BACKGROUND

On December 2, 2000, Beaudet and Hoops entered into a limited partnership agreement for the purpose of acquiring and holding a piece of property in Boundary County. In 2003, Beaudet executed and recorded a quitclaim deed to Hoops. Beaudet received $20,000 from Hoops for the purchase of her interest in the property. Hoops also provided Beaudet with an option to buy back her interest in the property by paying him back the $20,000. Subsequently,

1

Beaudet attempted to negotiate her option to buy back the property by offering Hoops $5,000 to put her one-half interest back into the land contract with a $15,000 balance due to Hoops at the time of sale to a third-party buyer. Hoops rejected the offer.

Beaudet filed a complaint with the district court alleging that she is the sole owner of the property, a limited partnership defines the parties' intent regarding the property, and that Hoops blocked her from exercising her option to buy back the property. After a two-day court trial, the district court determined that Beaudet signed the quitclaim deed, and thereby quitclaimed all right, title, and interest in the property, and that Beaudet did not exercise her option to buy back her interest in the property, but instead tried to renegotiate the option terms. The district court further determined that the option was void as a matter of law since it failed to include a deadline or time for performance. Beaudet now appeals.

## II.

## STANDARD OF REVIEW

When this Court reviews a lower court's decision, it determines whether the findings of fact support the conclusions of law. *Anderson v. Larsen*, 136 Idaho 402, 405, 34 P.3d 1085, 1088 (2001). While we defer to the trial court's findings of fact if supported by substantial and competent evidence, we exercise free review of the trial court's conclusions of law. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000).

## III.

## DISCUSSION

Beaudet's opening brief contains twenty issues and, as best as can be determined, sets forth the following arguments: the district court's judgment and writs were improperly entered and enforced; Beaudet has been denied the right to appeal; the district court erred in evaluating the credibility of the testimony presented; the district court improperly admitted an exhibit during trial; the district court aggregated the existing contract to a third party; Beaudet executed the quitclaim deed under duress; and Hoops is not entitled to attorney fees and costs. Within these numerous issues, Beaudet fails to develop any coherent arguments accompanied with authority to support any of her claims. It is well established that an appellate court will not consider a claim of error that is not supported by both argument and citation to authority. *State v. Grazian*, 144 Idaho 510, 518, 164 P.3d 790, 798 (2007); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (stating when issues on appeal are not supported by propositions of

2

law, authority, or argument, they will not be considered). A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. However, in the interest of providing some clarity, we address certain issues that stand out.

Beaudet asserts that the district court's judgment and writs of restitution and possession were improperly entered and enforced. She argues that they were based on the wrong judgment day and were not signed or filed. Beaudet fails to provide any citations to the record or elsewhere to show that these items were improperly entered. *See* I.A.R. 35(a)(6) (stating that the argument section of the brief must contain "citations to the authorities, statutes and parts of the transcript and record relied upon"). Beaudet further argues that she has been denied the right to appeal. As this case is currently being reviewed by this Court, it is hard to see how Beaudet has been denied this right. To the extent Beaudet is arguing that she was denied the right to appeal her writ of restitution and writ of possession, those issues were subsumed into her motion for stay of execution of the judgment, which was denied at the trial court level as well as the appellate level.

Beaudet asserts that the district court erred in evaluating the credibility of the testimony presented because "the judge relied on his 'common sense' to reach a decision." At the end of the trial, the district court stated: "As a judge, I have to make a decision at the end of the day what's more probably likely to have happened than not happened. I resort to common sense, the law, in making that decision." The district court then went on to state that after listening and watching Beaudet's testimony, there were things that she did and said that made portions of her testimony suspicious, such as when she was asked if her signature was on the quitclaim deed. The district court noted that there were long pauses and it appeared that Beaudet was trying to figure out a way to deny it was her signature. This is the type of decision the judge was referring to when he stated that he would rely on common sense and the law. When examined in context, it is clear that the judge was not relying solely on his common sense to make decisions. The district court did not err in evaluating the credibility of the testimony.

Beaudet asserts that Exhibit A, which was the quitclaim deed, was switched during trial and that she was unable to prepare argument with regard to the new Exhibit A. However, when Hoops' counsel moved to admit Exhibit A, Beaudet made no objection on the basis that the exhibit was switched, nor has she offered any evidence to prove as much. *See State v. Fodge*,

3

121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998) (holding that issues not raised below are not preserved for appeal). Beaudet additionally argues that the district court aggregated the existing contract to a third party and it is unclear as to what Beaudet is referring to in this instance.

For the first time on appeal, Beaudet asserts that she was coerced into executing the quitclaim deed. She argues that she was denied the opportunity to present evidence of coercion, duress, or threat. Generally, issues not raised below may not be considered for the first time on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126; *Small*, 132 Idaho at 331, 971 P.2d at 1155. Nevertheless, the record does not support Beaudet's argument that she was denied the opportunity to present evidence of duress. During the trial, Beaudet was repeatedly asked if she wanted to present rebuttal evidence or testimony in response to Hoops' testimony that she freely and voluntarily signed the quitclaim deed. Beaudet declined the opportunity to present evidence or testimony on the issue of coercion.

Finally, Beaudet argues that Hoops is not entitled to attorney fees and costs on appeal. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775,776 (Ct. App. 1995). Beaudet has brought this appeal without so much as a cite to the record or any relevant authority. Moreover, she has not presented a cogent argument for any of her claims. The appeal was frivolous, unreasonable, and without foundation. Therefore, we award Hoops, the prevailing party, attorney fees and costs as a matter of right under I.A.R. 41.

## IV.

## CONCLUSION

There has been no showing of reversible trial error. The district court's judgment in favor of Hoops is affirmed. Costs and attorney fees are awarded to Hoops on appeal.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**