IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40270

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 424 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AARON WILLIAM FRANDSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and unified sentences of life imprisonment, with minimum periods of confinement of twenty-five years, for ten counts of lewd and lascivious conduct with a minor child under sixteen, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Aaron William Frandsen appeals from his judgment of conviction and unified sentences of life imprisonment, with minimum periods of confinement of twenty-five years, for ten counts of lewd and lascivious conduct with a minor child under sixteen. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Frandsen's daughter reported to authorities that Frandsen sexually abused her from 2006 until 2010. During this time, the victim was between the ages of seven and eleven. A grand jury indicted Frandsen on ten counts of lewd conduct with a minor child under sixteen. I.C. § 18-1508. At trial, the state called as a witness the doctor who conducted a medical examination of the victim. To aid the doctor in explaining the position in which the victim was examined (a

1

position referred to as the "frog-leg position"), the state sought to admit an exhibit. The exhibit consisted of a black and white drawing of a child, naked from the waist down, seated in the frog-leg position on the lap of an adult. Frandsen objected, arguing the exhibit was inflammatory. The district court overruled the objection and admitted the exhibit. A jury found Frandsen guilty of all counts. The district court imposed concurrent unified sentences of life imprisonment, with minimum periods of confinement of twenty-five years. Frandsen appeals.

## II.

## ANALYSIS

### A.    Admission of the Exhibit

Frandsen argues that the exhibit admitted at trial was not relevant and was unduly prejudicial. The state argues Frandsen failed to preserve his relevancy argument and that the probative value of the exhibit was not outweighed by the danger of unfair prejudice.

It is a fundamental tenet of appellate law that a proper and timely objection must be made in the court below before an issue is preserved for appeal. *State v. Gleason*, 130 Idaho 586, 592, 944 P.2d 721, 727 (Ct. App. 1997). The specific ground for the objection must also be clearly stated. I.R.E. 103(a)(1); *State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911 (1994). Objecting to the admission of evidence on one basis does not preserve a separate and different basis for exclusion of the evidence. *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Higgins*, 122 Idaho 590, 596, 836 P.2d 536, 542 (1992).

At trial, regarding admission of the exhibit, Frandsen made the following objection:

> [DEFENSE COUNSEL]:    Well, Your Honor, I guess I would be more comfortable of an explanation of why this would be so helpful. I think we know the examination happened. She can testify from the report. I don't want the jury to be inflamed by anything portraying what may have happened in the case during the exam.

The state responded that it had discussed the exhibit with the doctor and concluded that it would be less inflammatory than actual pictures of the victim. The district court then inquired of Frandsen to clarify whether the objection was that the exhibit was inflammatory. Frandsen responded that he did not think the picture was necessary. The district court overruled the objection, finding that the exhibit was not inflammatory and was an aid to the jury.

The context of this exchange demonstrates Frandsen's objection to the exhibit was based on the ground that it was inflammatory. This was, essentially, an assertion that the probative

2

value of the evidence was outweighed by the danger of unfair prejudice. Thus, Frandsen failed to raise the relevancy issue before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Frandsen does not argue fundamental error and therefore we do not address his claim that the exhibit was not relevant.[1]

We next turn to Frandsen's argument that the probative value of the exhibit was substantially outweighed by the danger of unfair prejudice. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). Idaho Rule of Evidence 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to the party's case. *State v. Salazar*, 153 Idaho 24, 27, 278 P.3d 426, 429 (Ct. App. 2012). Nearly all of the state's evidence in a criminal trial is presented to prove the defendant's guilt and, thus, is "prejudicial" to a defendant, but it is not inadmissible for that reason alone. *Id.* Rather, evidence is unfairly prejudicial, and therefore subject to exclusion under I.R.E. 403, if it suggests decision on an improper basis. *Salazar*, 153 Idaho at 27, 278 P.3d at 429; *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010); *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994).

Frandsen argues the purpose of the exhibit was to inform the jury that the victim sat naked in the arms of an adult with her legs spread open, exposing her genitals to the doctor. At trial, the doctor explained that the practice of sitting a child on an adult's lap is used with

---

[1] Even if we were to address Frandsen's claim that the exhibit was not relevant we would find no error. Whether evidence is relevant is a matter of law and is subject to free review. *State v. Field*, 144 Idaho 559, 569, 165 P.3d 273, 283 (2007). The picture was offered as illustrative evidence to aid the witness in explaining her examination of the victim and it was used for that purpose during the testimony. Evidence of this kind need only be relevant to the witness's testimony. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Here, the witness explained that the picture was important because it showed that the child was not in any discomfort or pain from the examination and that the position allowed a physician to view the child's vaginal area and anal opening without distress or stretching. The witness also explained that older children would not be held by a parent during the examination, but would be examined on an examination bed in a similar position. According to the testimony, the victim in this case was examined on an examination bed. The picture was relevant to the witness's testimony because it illustrated the manner in which the witness performed the examination.

younger children. The doctor then testified that, with older children and teenagers, that they would be in a position similar to the frog-leg position, but without a parent holding them there. The doctor also testified that, during the examination here, she had the victim lay on a bed. Therefore, this argument is without application here, given that the situation it addresses did not occur in this case.

Frandsen also argues the exhibit was prejudicial because it focused the jury on the medical examination in which the victim had to get naked in front of a stranger and let that stranger probe her genitalia. The subject matter at issue in a lewd and lascivious case is one that often involves unpleasant evidence. However, there is nothing inflammatory or unfairly prejudicial about the exhibit. One of the state's allegations was that Frandsen penetrated the victim vaginally. A doctor examined the victim and determined that there had been tearing of the hymen consistent with penetration. This exhibit helped the doctor describe how she was able to examine the victim and make this determination. Frandsen has failed to identify any unfair prejudice. Thus, the district court did not err in admitting the exhibit over Frandsen's I.R.E. 403 objection.

**B.     Sentence Review**

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

4

Frandsen argues that concurrent unified life sentences, with minimum periods of confinement of twenty-five years, are unduly harsh because of mitigating factors presented. Specifically, Frandsen experienced a turbulent childhood, previously earned his GED, served in the military, and has family support. Also, although Frandsen has prior sexual abuse offenses, there was a significant gap between the previous incidents and the current offenses. Last, Frandsen disagrees with his diagnosis for antisocial personality disorder.

While the district court considered these mitigating factors, its focus was primarily upon the serious nature of the offenses and the good order and protection of society. Frandsen sexually abused the victim repeatedly over a number of years. Frandsen failed to accept responsibility for his actions, continuing to deny the abuse even after being found guilty by a jury. Furthermore, Frandsen has a history of prior sex offenses with family members. The presentence investigator indicated Frandsen was not amenable to community treatment, had minimized past sexual offenses, and showed no remorse for the harm he had caused his victims. Given these circumstances, the district court concluded it was only a matter of time before Frandsen would commit additional sexual abuse crimes upon young children.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having reviewed the record in this case, we cannot say that the district court abused its discretion.

### III.

### CONCLUSION

The district court did not err in admitting the exhibit over Frandsen's I.R.E. 403 objection. Also, the district court did not abuse its discretion in imposing concurrent unified sentences of life imprisonment, with minimum periods of confinement of twenty-five years. Accordingly, Frandsen's judgment of conviction and sentences for ten counts of lewd and lascivious conduct with a minor child under sixteen are affirmed.

Judge GRATTON, **CONCURS.**

5

Judge LANSING, **CONCURRING IN THE RESULT**

I fully concur in Section II(B) of the majority opinion. I am unable to agree, however, with the majority's conclusions that the relevancy issue was not preserved by Frandsen's objection in the trial court and that he has not identified any unfair prejudice. As explained below, however, I also conclude that the error was not so prejudicial as to require a new trial in this case.

When the prosecutor asked the testifying physician whether the drawing in question would assist her in describing the examination that she conducted, defense counsel objected, saying he would like "an explanation of why this would be so helpful," and he expressed concern that the drawing was inflammatory. As the discussion continued, defense counsel expressed that the drawing was not "necessary." Preservation of a claim of error in the admission of evidence does not require citation to a specific rule of evidence or the use of particular words as long as the ground of the objection is apparent. Idaho Rule of Evidence 103(a)(1). Here, it is obvious that defense counsel's objection, though not particularly artful, was that the drawing was irrelevant and that any probative value was outweighed by the risk of unfair prejudice. Even the majority acknowledges that his objection was "essentially, an assertion that the probative value of the evidence was outweighed by the danger of unfair prejudice," a reference to I.R.E. 403. Such an objection based upon I.R.E. 403 inherently raises the question of the probative value (relevance), if any, of the evidence that is to be weighed against the risk of unfair prejudice. Hence, in my view, an I.R.E. 403 objection encompasses a challenge to the relevance of the evidence.

I also disagree with the majority's assessment that the challenged drawing, showing a female child sitting on an adult's lap with the adult holding the child's legs open, was relevant. In my view, such an illustration would have de minimus relevance even if it depicted the position actually used for the examination to which the physician was testifying. Jurors can be expected to be aware that a vaginal examination requires exposure of the vagina, without having to see a picture depicting it. Further, unless the adequacy or skill of the physician's examination is being challenged, which did not occur here, the precise position of the examinee is of little or no relevance and certainly does not need to be illustrated in order for the jury to understand the physician's testimony. Any conceivable relevance evaporates here where the drawing did not even depict the actual position of the actual examinee in this case.

6

Against this de minimus or nonexistent probative value, the trial court was required to weigh the risk of unfair prejudice to the defendant that might be caused by the jurors' viewing of the drawing. I.R.E. 403. In my view, the drawing did carry the risk of unfair prejudice. Jurors could have found it somewhat emotionally disturbing to see the depiction of a female child held on the lap of an adult, with the adult holding the child's legs open, exposing the genitalia in a way that would be expected to be embarrassing and upsetting for a child. It does not help that the adult depicted is androgynous in appearance, and could easily be considered to be a male. Again, I emphasize that this emotionally-unsettling depiction was not even the position used in the actual examination of the victim in this case. There being essentially no probative value to the drawing, and given its potential for unfair prejudice, I would hold that it was error to admit it into evidence in Frandsen's trial.

Having said that, I also conclude that the error was not so prejudicial as to require that Frandsen be given a new trial. Evidentiary error will be found harmless, and therefore not requiring reversal on appeal, if the appellate court can say beyond a reasonable doubt that the jury's verdict would have been the same had the error not occurred. *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013); *State v. Whitaker*, 152 Idaho 945, 952, 277 P.3d 392, 399 (Ct. App. 2012). Here, although I view the drawing to be unfairly prejudicial, it was not highly inflammatory, and its potential for prejudicial impact was moderated by the fact that it was introduced in the context of a clinical explanation by a physician.

To determine whether the error was harmless, one must consider the compelling evidence of Frandsen's guilt. The victim testified, with great specificity, describing the approximate dates she was sexually assaulted, multiple types of penetration, the physical positions she was put in, the manner of dress she and her father maintained during the assaults, and the physical and emotional trauma caused by the molestations. Her testimony exhibited a high level of knowledge about human sexual anatomy and sexual conduct. The physician's testimony about physical findings from the examination of the victim tended to corroborate the victim. The physician said that the victim had a tear of the hymen that was caused by a penetrating injury and not of a type that occurs naturally. Frandsen's claim as to why the victim would fabricate the allegations lacked plausibility.

Although the admission of the picture into evidence risked unfair prejudice, any emotional impact from the picture was far overshadowed by the victim's detailed account. She

testified that Frandsen repeatedly vaginally, anally, and orally penetrated her, sometimes causing internal bleeding.  The visual description presented by the victim was far more vivid than the drawing.  For these reasons, I conclude that the erroneous admission of the picture into evidence was harmless error.  Therefore, I agree with the majority that Frandsen's judgment of conviction should be affirmed.