IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50855

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: April 25, 2025 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| GERARDO REYES ALVAREZ, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of ten years, with three years determinate, for burglary and petit theft, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gerardo Reyes Alvarez appeals from his judgment of conviction and sentence for burglary and petit theft. Reyes Alvarez argues the district court abused its discretion by allowing an officer to testify about an unrelated investigation involving Reyes Alvarez because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. Reyes Alvarez also argues the district court abused its discretion by imposing an excessive sentence. The district court did not err because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The district court did not impose an excessive sentence. Reyes Alvarez's judgment of conviction and sentence are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Reyes Alvarez with burglary, Idaho Code § 18-1401, and petit theft, I.C. §§ 18-2403(1), -2407(2), -2409, based on allegations that he entered a Home Depot, placed items in a shopping cart, and left without paying for the items. Before the case proceeded to trial, the State filed a notice of intent to introduce evidence pursuant to Idaho Rule of Evidence 404(b). The State sought to present evidence of an alleged burglary and theft that occurred at a Best Buy several weeks after the incident at Home Depot but before the Home Depot charges were filed against Reyes Alvarez. An officer investigated the alleged crimes at the Best Buy and identified Reyes Alvarez as the suspect. Based on information from the Best Buy investigation, the officer identified Reyes Alvarez as the suspect involved in the Home Depot case.

In response, Reyes Alvarez filed a motion in limine, requesting that the district court exclude "any and all evidence of Defendant's prior or subsequent 'bad acts,' which the State may introduce at trial." In the motion, Reyes Alvarez argued that the State's I.R.E. 404(b) evidence was not relevant and that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Reyes Alvarez filed a memorandum in support of the motion in limine, arguing that the State would not be able to show sufficient evidence of the alleged Best Buy offenses because "[t]he felony charges related to [that] incident were dismissed after a preliminary hearing and the misdemeanor charge remains pending." Reyes Alvarez also argued that the probative value of the evidence did not substantially outweigh the prejudice to Reyes Alvarez because the evidence would depict him "as someone who has stolen in the past."

After a hearing on the motion, the district court issued a written order conditionally allowing the State to introduce evidence of the Best Buy investigation under I.R.E. 404(b) and I.R.E. 403. The district court held that the evidence could be admitted so long as the State laid adequate foundation at trial. Next, the district court held that the evidence associated with the Best Buy investigation was relevant for non-propensity purposes because it was evidence of Reyes Alvarez's intent for both the burglary and petit theft charges and the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice. Finally, the district court noted it would give the jury a limiting instruction in connection with the presentation of the

2

I.R.E. 404(b) evidence that would "make clear that the evidence at issue was presented for limited purposes."

The case proceeded to trial. The State called a Home Depot employee to testify about the alleged burglary and theft. The employee testified that, after he observed security camera footage from the incident, he posted still images of Reyes Alvarez and his vehicle to the Organized Retail Crime Association of Idaho, which is a "website where other retailers or retail asset protection managers and law enforcement communicate together to identify theft suspects." The State next called an officer who worked for the Organized Retail Crime Unit within the Boise Police Department. The officer testified that he investigated the alleged theft at the Home Depot after he received information from the Home Depot employee, including the surveillance video of the alleged burglary and theft. The officer testified that he recognized the suspect as Reyes Alvarez based on an unrelated investigation into an alleged retail theft at a Best Buy.

During the officer's testimony, Reyes Alvarez objected to the officer's statements based on his I.R.E. 404(b) motion in limine. The district court overruled the objections. The jury found Reyes Alvarez guilty of all charges. Reyes Alvarez appeals.

## II.

## STANDARD OF REVIEW

Questions of relevance are reviewed de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). Idaho appellate courts review a trial court's evidentiary rulings for an abuse of discretion. *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Reyes Alvarez argues that the district court abused its discretion by overruling his objection to the State's I.R.E. 404(b) evidence because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under I.R.E. 403. The State argues that the district

3

court did not abuse its discretion because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Alternatively, the State argues that even if the district court erred in admitting the evidence, any alleged error is harmless error.

Idaho Rule of Evidence 404(b), provides, in relevant part:

(1)     Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)     Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

In this case, Reyes Alvarez does not challenge the district court's determination that the evidence regarding the Best Buy investigation was sufficiently established as a fact. The district court did not err in finding that the evidence of the Best Buy investigation was probative evidence of Reyes Alvarez's identity and intent. At trial, the officer testified that he "instantly recognize[d]"

4

Reyes Alvarez on the Home Depot surveillance video because of the officer's Best Buy investigation. Further, the officer testified that he recognized the vehicle in the Home Depot video as the vehicle used in the Best Buy theft. As to Reyes Alvarez's intent, the district court noted that the State was required to prove Reyes Alvarez had the specific intent to commit a theft in an amount greater than $100.00 and that the evidence regarding the Best Buy investigation was relevant to establishing Reyes Alvarez's intent during the Home Depot theft. Reyes Alvarez acknowledges that the evidence was relevant to establishing his identity and minimally relevant to issues other than identity. Consequently, the district court did not err in concluding that the Best Buy investigation was highly probative of Reyes Alveraz's identity and intent.

Reyes Alvarez argues that despite the relevance of the evidence, any probative value is substantially outweighed by the danger of unfair prejudice pursuant to I.R.E. 403 because the alleged theft at the Best Buy occurred only seventeen days after the charged conduct at the Home Depot. According to Reyes Alvarez, the close proximity in time between the two alleged occurrences indicated to the jury that if Reyes Alvarez had been involved in one theft-related investigation, then he must have also been involved in the other as well. Reyes Alvarez also argues that this minimally relevant testimony unfairly prejudiced him because it invited the jurors to speculate as to whether Reyes Alvarez was a man of ill-character rather than focusing on the evidence of the actual criminal charges at issue during the trial. The State responds that, although the testimony about the Best Buy investigation was detrimental to Reyes Alvarez's case, it was not unfairly prejudicial, and did not substantially outweigh the probative value of the evidence.

The second part of an analysis of the admissibility of evidence under I.R.E. 404(b) involves a determination under I.R.E. 403 regarding whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Pepcorn*, 152 Idaho at 689, 273 P.3d at 1282. Other than its use as evidence of potential identification, Reyes Alvarez argues that the probative value of the testimony regarding the Best Buy investigation was minimal. The State argues that the evidence of the Best Buy investigation was highly probative to Reyes Alvarez's identity, intent, preparation, and plan, which were elements the State needed to prove at trial.

Idaho Rule of Evidence 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to the party's case. *State v. Salazar*, 153 Idaho 24, 27, 278 P.3d 426, 429 (Ct. App. 2012). Here, although the evidence was damaging to Reyes

5

Alvarez's case and supported the State's case, it was not unfairly prejudicial. *Salazar*, 153 Idaho at 27, 278 P.3d at 429.

Further, the district court provided the jury with a limiting instruction:

Instruction 11(A). Evidence has been introduced for the purpose of showing that the defendant committed crimes, wrongs, or acts other than that for which the defendant is on trial. Such evidence, if believed, is not to be considered by you to prove the defendant's character or that the defendant has a disposition to commit crimes. Such evidence may be considered by you only for the limited purpose of proving the defendant's motive, opportunity, intent, preparation, plan or identity.

We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). As a result, this limiting instruction minimized the risk of unfair prejudice. Here, Reyes Alvarez argues that although the district court provided a limiting instruction, because it was not contemporaneously given with the officer's testimony, it did not cure the danger of unfair prejudice regarding the Best Buy investigation. Reyes Alvarez fails to provide support for this argument and this Court declines to address arguments not supported by legal authority. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, Reyes Alvarez's complaint regarding the timing of the district court's limiting instruction is not preserved because he did not request a contemporaneous instruction but instead assented to the instruction as one given at the post-proof phase of the trial. Reyes Alvarez fails to demonstrate that the district court abused its discretion by denying his objections to the testimony regarding the Best Buy investigation.

Reyes Alvarez also argues his unified sentence of ten years, with three years determinate, is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**IV.**

**CONCLUSION**

The district court did not abuse its discretion by allowing an officer to testify about a separate investigation involving Reyes Alvarez because the probative value of that evidence was not substantially outweighed by the danger of unfair prejudice. The district court did not abuse its discretion in imposing Reyes Alvarez's sentence. Therefore, Reyes Alvarez's judgment of conviction and sentence are affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.